**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-2183**

JOSE ISMAEL CARDOZA-MURCIA,

      Petitioner,

      v.

MERRICK B. GARLAND, Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 29, 2021          Decided: November 18, 2021

Before FLOYD, RICHARDSON, and RUSHING, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Brian Boynton, Acting Assistant Attorney General, Bernard A. Joseph, Senior Litigation Counsel, Katherine S. Fischer, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Ismael Cardoza-Murcia, a native and citizen of Honduras, petitions for review of a decision and order of the Board of Immigration Appeals ("Board") dismissing Cardoza-Murcia's appeal from the Immigration Judge's ("IJ") oral decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The Board agreed with the IJ that Cardoza-Murcia did not meet the statutory requirements for cancellation of removal and that Cardoza-Murcia also was not entitled to cancellation of removal as a matter of discretion. For the reasons explained below, we dismiss the petition for review.

The Attorney General "'*may* cancel removal' of an applicant who meets four statutory criteria: 1) that the applicant has been physically present in the United States for at least ten continuous years, 2) that the applicant had been a person 'of good moral character' during that ten-year period, 3) that the applicant had not committed certain enumerated offenses, and 4) that the applicant 'establishes that removal would result in exceptional and extremely unusual hardship to the [applicant's citizen or lawful permanent resident] spouse, parent, or child[ren].'" *Gonzalez Galvan v. Garland*, 6 F.4th 552, 557 (4th Cir. 2021) (alterations in original) (quoting 8 U.S.C. § 1229b(b)(1)). "However, even if the applicant satisfies these four statutory requirements, the Attorney General still retains the discretion to deny an application for cancellation of removal." *Id.* (footnote omitted).

Under 8 U.S.C. § 1252(a)(2)(B)(i), entitled "Denials of discretionary relief," a federal appellate court lacks "jurisdiction to review any judgment regarding the granting of relief under . . . [8 U.S.C. §] 1229b," which is the provision governing cancellation of removal at issue in these proceedings. Notwithstanding, a federal appellate court retains

jurisdiction to decide a challenge to the discretionary denial of cancellation of removal if that challenge presents a colorable constitutional claim or question of law that satisfies the exception in 8 U.S.C. § 1252(a)(2)(D) (stating that no provision limiting judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals"). *See Gonzalez Galvan*, 6 F.4th at 558 (discussing § 1252(a)(2)(D)).

We recently held that the Board's ruling that an applicant has not met the exceptional and extremely unusual hardship requirement of § 1229b(b)(1) is a mixed question of law and fact that we possess jurisdiction to review under § 1252(a)(2)(D). *Id.* at 560. But we emphasized that such a ruling "is separate and distinct from the Board's ultimate discretionary determination whether to grant or deny an application for cancellation of removal after an applicant meets the four statutory eligibility requirements." *Id.* With respect to the discretionary determination, we reiterated that "when an applicant meets the statutory eligibility requirements for cancellation of removal, we plainly lack jurisdiction to review the ultimate discretionary action taken on his application," except as authorized by § 1252(a)(2)(D). *Id.* at 558.

Here, the Board and the IJ ruled that Cardoza-Murcia's application for cancellation of removal failed on both statutory and discretionary grounds.[*] Although we possess

---

[*] The Board's decision adopted and affirmed much of the IJ's oral decision. In such a circumstance, we review both decisions, but "we limit our consideration of the IJ's [decision] to the portions that have been adopted and incorporated into the Board's decision." *Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021) (internal quotation marks omitted).

jurisdiction to review Cardoza-Murcia's challenges to the Board's and the IJ's conclusion that he failed to meet the statutory requirements, *see id.* at 560, we lack jurisdiction to review the discretionary denial of relief unless Cardoza-Murcia's challenge to that denial is in the form of a colorable constitutional claim or question of law, *see Gomis v. Holder*, 571 F.3d 353, 358 (4th Cir. 2009).

Cardoza-Murcia's sole appellate challenge to the Board's and the IJ's discretionary denial, however, concerns the weight that the Board and the IJ assigned to certain positive and negative factors of his case. And that challenge encompasses neither a constitutional claim nor a question of law. *See Sorcia v. Holder*, 643 F.3d 117, 125 (4th Cir. 2011) ("[A] challenge to the weight attributed to certain factors relevant to immigration determinations does not present a question of law."). We thus lack jurisdiction to review the Board's and the IJ's discretionary determination that Cardoza-Murcia was not entitled to cancellation of removal. And because that discretionary determination is dispositive as to Cardoza-Murcia's petition for review, we will dismiss the petition.

Accordingly, the petition for review is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*